HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEACEHEALTH NETWORKS ON DEMAND, LLC, d/b/a ZOOMCARE, a Washington limited liability company,<br><br>Defendant. | No. 2:25-cv-01831-JHC<br><br>**DEFENDANT PEACEHEALTH NETWORKS ON DEMAND, LLC D/B/A ZOOMCARE'S MOTION TO DISMISS UNDER RULE 12(B)(6)**<br><br>NOTE ON MOTION CALENDAR: NOVEMBER 17, 2025<br><br>ORAL ARGUMENT REQUESTED |



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 3

III. LAW AND ARGUMENT ..... 4

A. Legal Standard ..... 4

B. Plaintiff Fails to State a Claim for Violation of The Electronic Communications Privacy Act (Count I) ..... 4

1. Plaintiff Fails to Allege Any Unlawful Interception ..... 5

2. There Can Be No Civil Liability for Allegedly "Procur[ing]" or Aiding and Abetting an Alleged Interception Through Google Analytics ..... 9

3. Plaintiff Fails to Allege any Plausible Interception of "Contents" ..... 11

IV. CONCLUSION ..... 13




BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Novant Health, Inc.*, No. 1:22-cv-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023) ....6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....4, 13

*B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056 (C.D. Cal. 2024) ....5, 6, 7, 13

*Beckington v. Am. Airlines, Inc.*, 926 F.3d 595 (9th Cir. 2019) ....4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....4

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ....13

*Caro v. Weintraub*, 618 F.3d 94 (2d Cir. 2010) ....6

*In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051 (N.D. Cal. 2015) ....10

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) ....10

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019) ....4

*Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) ....8

*In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001) ....8

*In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159 (S.D. Cal. 2010) ....11

*In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836 (N.D. Cal. 2017) ....4



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ....................................................................5, 9

*In re Google Cookie Placement Consumer Privacy Litig.*,
806 F.3d 125 (3rd Cir. 2015) ..........................................................................5, 6, 7, 9

*Goulart v. Cape Code Healthcare, Inc.*,
No. 25-10445-RGS, 2025 WL 1745732 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025) ..............................................................8

*Herzer v. Redstone*,
No. 17-CV-7545 PSG, 2018 WL 5094933 (C.D. Cal. July 10, 2018) ..................................11

*Jane Doe v. Lawrence General Hosp.*,
No. 1:25-cv-10081-NMG, 2025 WL 2808055, at *13 (D. Mass. Aug. 29, 2025) ..................9

*Jane Doe v. Lawrence General Hosp.*,
No. 1:25-cv-10081-NMG, 2025 WL 2807673 (D. Mass. Sept. 30, 2025) ..............................9

*John Roe, et al. v. Amgen Inc.*,
No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024) ..........................5

*Karen McManus v. Tufts Med. Ctr., Inc.*,
No. 25-cv-10008-ADB, 2025 WL 2778025 (D. Mass. Sept. 29, 2025) ...................................7

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .........................................................................7

*Kirch v. Embarq Mgmt. Co.*,
702 F.3d 1245 (10th Cir. 2012) ...............................................................................10

*Mikulsky v. Bloomingdale's, LLC*,
No. 3:23-cv-00425-L-VET, 2024 WL 337180 (S.D. Cal. Jan. 25, 2024) ..............................12

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)..................................................................................5, 9, 12

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024)...............................................................5, 11

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-cv-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025)......................... *passim*

*Peavy v. WFAA-TV, Inc.*,
221 F.3d 158 (5th Cir. 2000) ..................................................................................10



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) .......... 6

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .......... 12

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018) .......... 12

*Sweat v. Houston Methodist Hosp.*,
No. H-24-775, 2025 WL 2697111 (S.D. Tex. Sept. 22, 2025) .......... 8

*In re Toys R Us, Inc., Privacy Litig.*,
No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) .......... 10

*Weston v. Lefiti*,
No. 23-cv-0896-L-DDL, 2023 WL 8458249 (S.D. Cal. Dec. 5, 2023) .......... 10

*Zarif v. Hwareh.com, Inc.*,
No. 23-cv-0565-BAS-DEB, __F. Supp. 3d__, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025) .......... 7

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 11, 12

**Federal Statutes**

18 U.S.C. § 2510(8) .......... 11

18 U.S.C. § 2511 *et seq* .......... *passim*

18 U.S.C. § 2520 *et seq* .......... 10

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1, 4



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. INTRODUCTION

Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare ("ZoomCare") respectfully moves this Court for an order dismissing Plaintiff's Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Plaintiff Laura Nichols' Complaint is among numerous putative class action complaints that have been filed against healthcare providers nationwide regarding the ubiquitous practice of using third-party analytics technologies on their websites. In fact, earlier this year, the Honorable Tana Lin of the Western District of Washington dismissed with prejudice a virtually identical claim for violation of the Electronic Communications Privacy Act (18 U.S.C. § 2511(1)) ("ECPA") against Overlake Hospital Medical Center. *See Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *12–13 (W.D. Wash. Mar. 4, 2025). This Court should do the same.

As in *Nienaber*, Plaintiff here claims that ZoomCare violated the ECPA, a federal wiretapping statute, by allegedly installing a commonly used web-browsing analytics technology called Google Analytics on its public-facing website, https://www.zoomcare.com (the "Website"). The ECPA is a one-party consent statute, meaning that a party to a communication cannot unlawfully "intercept" a communication directed to it. While there is a statutory exception under the ECPA rendering one party's consent insufficient where a "communication is intercepted for the purpose of committing any criminal or tortious act," *i.e.*, the "crime-tort exception," this exception does not apply to the alleged interception itself; rather, there must be a tortious or criminal act that is independent of the alleged interception. As *Nienaber* held, any alleged interception and any alleged violation are inextricable here. Plaintiff's ECPA claim against ZoomCare is tethered to the alleged transmission of browsing activities on the ZoomCare public website and not any other independent tortious or criminal act. Thus, the crime-tort exception does not apply and the ECPA claim fails as a matter of law.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Separately, Plaintiff identifies Google – not ZoomCare – as the entity that allegedly intercepted Plaintiff's communications through its source code on ZoomCare's public Website, and Zoomcare as the party that allegedly "procured" (*i.e.*, aided and abetted) that alleged interception. Compl. ¶¶ 3, 43, 49, 92. But the ECPA does not provide a private cause of action against an entity that is alleged to have procured or aided and abetted another party to intercept a communication. Thus, Plaintiff's ECPA claim should be dismissed as a matter of law on this separate ground.

Further, Plaintiff's claims in this case fail because she has not alleged any "contents" of substantive medical communications with ZoomCare that were "intercepted" by an unauthorized third party within the meaning of the ECPA. Plaintiff pleads no facts showing that the substance of her alleged communications to anyone at ZoomCare have ever been transmitted to Google.

Plaintiff's Complaint merely describes the experience of a hypothetical "patient" who visits the Website and shares sensitive medical information with ZoomCare that could be shared or disclosed to Google. However, Plaintiff has not alleged that this happened to her personally. She merely alleges that she "book[ed] medical appointments," yet pleads no facts showing what information, if any, was transmitted to Google as a result of her alleged appointment bookings. Compl. ¶ 6. Plaintiff otherwise provides no supporting facts for her conclusory assertion that any of her own medical information was intercepted or transmitted to Google. Nor does Plaintiff allege facts showing that Google Analytics was installed inside any secure patient portal or other authenticated portion of the ZoomCare Website. At best, Plaintiff merely alleges facts suggesting that her alleged browsing activity on the public website was transmitted to Google.

For these and other reasons discussed in this Motion, Plaintiff has failed to adequately allege facts sufficient to state her ECPA claim, and consistent with the Western District's *Nienaber* decision, ZoomCare respectfully requests that the Court grant the Motion and dismiss the Complaint with prejudice.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## II. STATEMENT OF FACTS

Plaintiff alleges that ZoomCare "owns and operates a national network of primary and urgent care medical facilities" (Compl. ¶ 1)[1] that offers various medical services and treatments (*id.* ¶ 11). Plaintiff generally alleges that software implemented on ZoomCare's Website permits certain information to be transmitted from a user's web browser to third parties like Google through Google Analytics. *See e.g., id.* ¶¶ 7–9, 12, 45, 46, 49, 60, 64, 65, 93. Plaintiff does not allege ZoomCare implemented Google Analytics or any similar technology in any secure patient portal. *See generally* Compl.

Plaintiff asserts the legal conclusions that ZoomCare "intercepted" or assisted Google with "intercepting" Plaintiff's communications, resulting in disclosure of her "sensitive and confidential communications" and "legally protected PII and PHI" to Google. *See, e.g., id.* ¶¶ 3, 49, 60, 65, 70, 93, 94, 97. However, the facts alleged in the complaint do not support these conclusory allegations. Speculating about a hypothetical "patient" who visits the Website, Plaintiff alleges that (1) when "patients" visit the Website and "schedule medical appointments," ZoomCare "immediately intercepts and discloses their interactions to Google." (*id.* ¶ 61), including "its patients' IP addresses," "information about their specific devices and User-IDs to Google" (*id.* ¶ 64), "detailed URLs" (*id.* ¶ 65), and "event data" (*id.* ¶ 67). Plaintiff does not explain how this "information" comprises substantive medical information, *i.e.*, medical history, mental or physical condition, or treatment (it is not). *See generally* Compl.

Plaintiff does not make any factual allegations that would support the conclusion that any specific communication between her specifically and any physician or medical staff was transmitted to Google. Instead, Plaintiff freely uses the word "communications" throughout the Complaint, speculating and/or giving the false impression that the contents of actual patient-doctor communications could theoretically be shared with Google. *See, e.g., id.* ¶¶ 3, 45, 60, 65, 66, 86,

[1] In reality, ZoomCare only has a regional footprint in the Pacific Northwest (https://www.zoomcare.com/locations), though this fact is not material to the arguments in this Motion.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

91–97, 99–101. However, Plaintiff does not allege any facts showing that the contents of any of her patient-doctor communications have ever been disclosed to Google. *See generally* Compl. Plaintiff merely alleges she used the Website "to book medical appointments," yet pleads no facts showing what information, if any, was transmitted to Google as a result of her alleged appointment bookings. *Id.* ¶ 6. She also alleges she "received targeted advertisements for similar products and services." *Id.* ¶ 8.

Plaintiff asserts one cause of action for violation of the ECPA on behalf of herself and a putative class of "all persons in the United States who, during the class period, scheduled a medical appointment on https://www.zoomcare.com." *Id.* ¶ 72.

## III. LAW AND ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).

### B. Plaintiff Fails to State a Claim for Violation of The Electronic Communications Privacy Act (Count I)

A claim under the ECPA "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept[,] or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotation



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

marks omitted), *aff'd in part, rev'd in part, and remanded by* 956 F.3d 589 (9th Cir. 2020). Plaintiff cannot satisfy at least the second, third, or fourth elements, and the ECPA claim should be dismissed as a matter of law, without leave to amend.

***1. Plaintiff Fails to Allege Any Unlawful Interception***

Plaintiff cannot establish that any communication has been unlawfully "intercepted" by ZoomCare. The ECPA is a one-party consent statute. 18 U.S.C. § 2511(2)(d)) (The ECPA does not make it unlawful for someone to "intercept ... electronic communication where such person is a party to the communication."); *see also In re Nickelodeon Consumer Priv. Litig*., 827 F.3d 262, 275 (3d Cir. 2016) (discussing "one-party consent language in the Wiretap Act"). Stated differently, a party to a communication cannot unlawfully "intercept" a communication directed to it and cannot be held liable for "eavesdropping" upon itself. 18 U.S.C. § 2511(2)(d)); *Id*. at 274 (dismissing ECPA claim because defendant "was either a party to all communications with the Plaintiff's computers or was permitted to communicate with the Plaintiff's computers by Viacom, who was itself a party to all such communications."); *see also In re Google Cookie Placement Consumer Privacy Litig*., 806 F.3d 125, 142–43 (3rd Cir. 2015) (dismissing ECPA claim because tracking cookies placed by advertising providers made the advertiser the intended recipient of the electronic transmission); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011) (dismissing ECPA claim on same grounds); *John Roe, et al. v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024) (same).

In virtually identical circumstances, the *Nienaber* and *B.K.* decisions make clear that users of a health care provider's website cannot state a claim under the ECPA against the healthcare provider, because the health care provider was the intended recipient of any alleged communications occurring via the website and therefore could not have intercepted such communications. *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1095 (W.D. Wash. 2024) ("Under the ECPA, it is not unlawful for a person to intercept electronic communications where such person is a party to the communication, as Defendant is here.") (internal citation and



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

quotations omitted); *Nienaber*, 2025 WL 692097, at *12–13 (dismissing ECPA claim with prejudice); *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) ("the party exception to Plaintiffs' ECPA . . . claim[] exempts Defendants from liability"); *see also Allen v. Novant Health, Inc.*, No. 1:22-cv-697, 2023 WL 5486240, at *4 (M.D.N.C. Aug. 24, 2023) (same ruling); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1117–18 (S.D. Cal. 2023) (same ruling). ZoomCare is identically situated.

There is a statutory exception under the ECPA where a "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" (18 U.S.C. § 2511(2)(d)) ("crime-tort exception"). However, this exception does not apply to the alleged interception itself; instead, "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording." *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 145 (emphasis in original, internal quotations omitted, quoting *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010)).

The *Nienaber* and *B.K.* courts, among others, have made clear that the crime-tort exception does not apply here because the alleged violation of HIPAA cannot be separated from the alleged act of wiretapping. Plaintiff's ECPA claim against ZoomCare is tethered to the alleged transmission of browsing activities on the ZoomCare public website and not any other independent tortious or criminal act. *See, e.g.*, Compl. ¶ 92 (alleging ZoomCare "intercepted" alleged communications "[b]y utilizing and embedding the Google tracking technologies on its Website"). Although Plaintiff contends that her ECPA claim should survive under Section 2511(2)(d) (*id.* ¶ 98), the Western District of Washington flatly rejected such a theory in a nearly identical matter. *Nienaber*, 2025 WL 692097, at *13 (dismissing ECPA claim with prejudice and finding the exception did not apply because plaintiff failed to plead "a tortious or criminal use of the acquired communications, *separate* from the recording, interception, or transmission"); *Pena*, 670 F. Supp. 3d at 1119 ("Here, while Plaintiff alleges that Defendant engaged in the allegedly illegal


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

interception of his and the proposed class members' communications 'in order to create transcripts that could be shared with third parties to analyze to extract key words for marketing an[d] other purposes' … Plaintiff does not allege that this purpose constitutes independently illegal or actionable conduct such that the party exception is inapplicable. Accordingly, the Court finds that the 'criminal or tortious act' exception to the party exception is inapplicable to Plaintiff's FWA [ECPA] claim.").

This Court should similarly find that the crime-tort exception does not apply, especially since Plaintiff does not plead facts showing any tortious or criminal use of the alleged intercepted communications. *Id.*; *see also In re Google Cookie Placement*, 806 F.3d at 145 ("As the plaintiffs plead no tortious or criminal use of the acquired internet histories, § 2511(d) is not inapplicable on the basis of the criminal-tortious purpose exception.") (emphasis in original); *B.K.*, 721 F. Supp. 3d at 1065 (although the plaintiffs alleged the defendant "engaged in the allegedly illegal interception of their . . . information" for commercial advantage, plaintiffs failed to allege that purpose "constitute[d] independently illegal or actionable conduct" and the court concluded the "criminal or tortious act" exception to the party exception did not apply).

Many other courts within the Ninth Circuit and elsewhere have come to the same conclusion. *See, e.g., Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (dismissing wiretapping claim and collecting cases holding that a defendant's desire to "make money" through use of pixels does not meet the crime-tort exception); *Zarif v. Hwareh.com, Inc.*, No. 23-cv-0565-BAS-DEB, __F. Supp. 3d__, 2025 WL 486317, at *10 (S.D. Cal. Feb. 13, 2025) (dismissing ECPA claim because allegations that communications were transmitted to third parties "'for purposes of targeting advertising to [d]efendant's California website users'" were "insufficient to implicate the crime-tort exception"); *Karen McManus v. Tufts Med. Ctr., Inc.*, No. 25-cv-10008-ADB, 2025 WL 2778025, at *3 (D. Mass. Sept. 29, 2025) (dismissing plaintiff's ECPA claim because allegations that the defendant "specifically used tracking technologies to intercept and disclose Plaintiff's and Class Members Private Information for financial



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

gain,…sought to increase revenue from existing patients and gain new patients, … and thus chose to put its business interests over the privacy of its patients,… are [] insufficient to satisfy the crime-trot exception.") (quotations and citation omitted); *Goulart v. Cape Code Healthcare, Inc.*, No. 25-10445-RGS, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025) (dismissing ECPA claim and finding the crime-tort exception did not apply because plaintiffs' complaint "fails to plausibly allege that [the defendant's] 'primary motivation' or 'determinative factor' in disclosing plaintiffs' personal health information through the software-tracking technology to Facebook and Google was for the purpose of committing a criminal violation or tort, as opposed to commercial gain or convenience."); *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 519 (S.D.N.Y. 2001) (finding defendant's motivations were "licit and commercial," not tortious, and thus, as a matter of law, plaintiffs failed to allege defendant acted with "tortious" purpose); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025) (dismissing ECPA claim and reasoning "[b]y [p]laintiff's own account, the 'trackers' were 'used by the [d]efendant to benefit [the defendant] and its marketing and advertising purposes,'…not for the purpose of knowingly committing a violation of the HIPAA.") (internal citation omitted); *Sweat v. Houston Methodist Hosp.*, No. H-24-775, 2025 WL 2697111, at *8 (S.D. Tex. Sept. 22, 2025) (granting summary judgment to defendant on the plaintiff's ECPA claim and reasoning "[t]he disclosure of what was not known to be personally identifiable health information, but instead believed to be aggregate data, for a commercial purpose, is not a crime or a tort. It cannot trigger the crime-tort exception, which requires the purpose of committing a criminal or tortious 'act'").

While some courts have held that that the crime-tort exception may apply in similar contexts, those decisions do not adequately analyze the element requiring a separate act. As the Western District recently explained:



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

> Plaintiff argues that other federal courts have found "substantially identical allegations sufficient to trigger the crime-tort exception" and this Court should do the same. Dkt. No. 55 at 23. ***But none of the cases cited by Plaintiff evaluate the distinction between the interception and transmission of data***. *See Kurowski*, 2023 WL 8544084; *In re Grp. Health Plan Litig.*, 709 F. Supp. 3d 707; *Kane v. Univ. of Rochester*, No. C23-6027, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024); *Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916 (D. Minn. 2024); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 797; *B.K. v. Desert Care Network*, No. C23-5021, 2024 WL 1343305, at *6 (C.D. Cal. Feb. 1, 2024).

*Nienaber*, 2025 WL 692097, at *13 (emphasis added); *see also Jane Doe v. Lawrence General Hosp.*, No. 1:25-cv-10081-NMG, 2025 WL 2808055, at *13 (D. Mass. Aug. 29, 2025), report and recommendation adopted in part, rejected in part, *Jane Doe v. Lawrence General Hosp.*, No. 1:25-cv-10081-NMG, 2025 WL 2807673 (D. Mass. Sept. 30, 2025) (adopted motion to dismiss recommendation and rejected motion to remand recommendation) (dismissing plaintiff's ECPA claim because "[t]he Complaint [] alleges that Plaintiff's communications were 'contemporaneously intercepted, recorded, and transmitted to these third parties.' [] In other words, the interception that provides the basis for the alleged ECPA violation is itself the disclosure that provides the basis for the HIPAA violation. There is no allegation that the act of disclosure was in any respect separate or independent of the intentional act of deploying the web tracking tools."). Both the case law and Plaintiff's allegations establish that ZoomCare was a party to (and intended recipient of) her alleged communications, and that the crime-tort exception does not apply. Plaintiff therefore cannot establish the second element of her ECPA claim – an unlawful interception of a communication. The claim therefore should be dismissed as a matter of law and with prejudice, as further amendment would be futile. *Nienaber*, 2025 WL 692097, at *12–13; *In re Nickelodeon*, 827 F.3d at 275; *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 142–43; *In re Facebook Priv. Litig.*, 791 F. Supp. 2d at 713.

***2. There Can Be No Civil Liability for Allegedly "Procur[ing]" or Aiding and Abetting an Alleged Interception Through Google Analytics***

Plaintiff also claims that ZoomCare "procured" an alleged interception by Google through the use of Google Analytics. *See, e.g.*, Compl. ¶ 92. Indeed, all of Plaintiff's underlying allegations



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

identify Google – not ZoomCare – as the party that allegedly intercepted Plaintiff's communications through its source code on ZoomCare's public Website. *Id.* ¶¶ 3, 43, 49. Plaintiff's ECPA claim is not saved by her alternative characterization of the claim as one for aiding and abetting.

The ECPA's private right of action is found in 18 U.S.C. § 2520, which creates a scope of civil liability that is narrower than the criminal liability provision codified in Section 2511. Section 2520(a)'s plain, unambiguous language creates a private civil cause of action only against the person who engages in an unlawful interception, disclosure, or intentional use of wire, oral or electronic communication – not against any other person for procuring, enabling, aiding or abetting another's interception of such. *See, e.g., Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1246–47 (10th Cir. 2012) (holding that there is no civil ECPA claim for "procur[ing]" or "aiding and abetting" an interception); *see also Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) (same).

When Congress enacted the ECPA in 1986, it specifically excluded civil liability for procurement of an interception (*i.e.*, aiding and abetting), which previously existed under the 1968 predecessor to the ECPA. *See Kirch*, 702 F.3d at 1246-47 (addressing the statutory distinctions between civil and criminal liability under the ECPA).

Courts within the Ninth Circuit are in accord. *In re Toys R Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001) ("The Court finds that § 2520(a) does not provide a cause of action against aiders and abetters, and, accordingly, that plaintiffs may not proceed against Toys R Us on such theory."); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1089 (N.D. Cal. 2015) (explaining "there is simply no secondary liability (such as aiding and abetting) under the ECPA."); *Weston v. Lefiti*, No. 23-cv-0896-L-DDL, 2023 WL 8458249, at *3 (S.D. Cal. Dec. 5, 2023) (noting there is no aider and abettor liability available under the ECPA and concluding that defendants could not be liable under section 2520(a)) (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994));



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Herzer v. Redstone*, No. 17-CV-7545 PSG (KSx), 2018 WL 5094933, at *7 (C.D. Cal. July 10, 2018) (agreeing "that secondary liability is not recognized under the ECPA" and finding plaintiff had failed to state a claim); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1183–84 (S.D. Cal. 2010) (dismissing ECPA claim with prejudice as to defendant who received information but did not intercept it because the ECPA liability is limited to the person who engaged in the violation, not an aider and abettor of a violation).

Because the ECPA does not provide a private cause of action against an entity that is alleged to have procured or aided and abetted another party to intercept a communication, Plaintiff's ECPA claim should be dismissed as a matter of law.

### *3. Plaintiff Fails to Allege any Plausible Interception of "Contents"*

Plaintiff's ECPA claim further fails because Plaintiff has not pled facts showing that the "contents" of any communications were disclosed to Google or any other third party. Under the ECPA, "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). "Content" information "refers to the intended message conveyed by the communication" and is therefore distinct from "record" information, which relates to "the characteristics of the message that is generated in the course of the communication," such as a name, address, or the identity of a subscriber or customer. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014). Here, the alleged "contents" at issue are vague references to Plaintiff's "legally protected PII and PHI." *See, e.g.*, Compl. ¶¶ 3, 60, 65, 70, 93, 94, 97.

In regard to the threshold question of whether browsing activity on a public website may even constitute "legally protected PII and PHI", *i.e.*, the "contents" of a communication, the Western District of Washington made clear when dismissing the plaintiff's complaint, "the disclosure of browsing activity on a publicly available website that does not relate to 'to the past, present or future physical or mental health or condition of an individual' is not actionable." *Nienaber*, 733 F. Supp. 3d at 1082 (internal quotations omitted); *see also Smith v. Facebook, Inc.*,



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

745 F. App'x 8, 9 (9th Cir. 2018) ("*Smith II*") ("the connection between a person's browsing history [on a public hospital website] and his or her own state of health is too tenuous."); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017) ("*Smith I*") (same).

In *Facebook Internet Tracking Litig*., 140 F. Supp. 3d 922, 930–31 (N.D. Cal. 2015), the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the ECPA because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" *Id.* at 935 (quoting *In re Zynga*, 750 F.3d at 1106–07). The court emphasized that "[p]laintiff may never be able to state [an ECPA] claim, particularly since their arguments on this issue are so unpersuasive." *Id*. By definition, a URL does not convey the "meaning" of the communication with the host server; it simply identifies the location of the requested webpage on the Internet. *Id.* at 935-6.

In *In re Zynga*, the Ninth Circuit explained that even though a URL could disclose that a person viewed the "page of a gay support group," such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d at 1107-8; *In re Nickelodeon Consumer Priv. Litig*., 827 F.3d 262, 275 (3d Cir. 2016) (URL that revealed which specific video a child watched (http://www.nick.com/shows/penguins-of-madacascar) was more akin to telephone number than substantive conversation); *see also Mikulsky v. Bloomingdale's, LLC*, No. 3:23-cv-00425-L-VET, 2024 WL 337180, at *7 (S.D. Cal. Jan. 25, 2024) ("button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation" were "more akin to the 'record' information that the [Zynga court] held not to be contents").

Here, Plaintiff's Complaint fails to allege any facts showing that the substance of her alleged communications to anyone at ZoomCare have ever been transmitted to Google. Plaintiff's threadbare conclusions that patients' "sensitive and confidential communications," "private and confidential information" and "confidential PHI" are transmitted to Google (*see, e.g*., Compl. ¶¶ 3, 86, 93–94, 99, 101), are bereft of alleged facts and therefore insufficient as a matter of law. *See,*



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*e.g., Iqbal*, 556 U.S. at 678 (mere conclusions are insufficient); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" related to customers as conclusory in nature); *B.K.*, 721 F. Supp. 3d at 1064 (dismissing claim for failure "to allege what, if any, medical information or medical records were transmitted or disclosed" and that the plaintiffs' "vague allegations about [them] and their experiences with [the defendant]" and the complaint's "conjectures and hypothetical scenarios and patients" did not allege with "any specificity as to what medical information was allegedly disclosed or when it was disclosed.").

## IV. <u>CONCLUSION</u>

Because amendment would be futile, ZoomCare respectfully asks the Court to grant its motion to dismiss Plaintiff's Complaint with prejudice.

Dated Monday, October 20, 2025.

**BAKER & HOSTETLER LLP**

By *s/ Alexander Vitruk*

Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Tel: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare*

*I certify that this document contains 4341 words, in compliance with the Local Civil Rules.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2025 a true and correct copy of the foregoing document was served via USDC Western Washington CM/ECF Notice and/or E-Mail upon the following:

Wright A. Noel
**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, WA 98027
Tel: (425) 837-4717
E-mail: wright@carsonnoel.com

Alec M. Leslie, *pro hac vice forthcoming*
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Email: aleslie@bursor.com

*Attorneys for Plaintiff and the Putative Class*

*s/ Cheryl A. Phillips*
Cheryl Phillips, Legal Assistant