HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEACEHEALTH NETWORKS ON DEMAND, LLC, d/b/a ZOOMCARE, a Washington limited liability company,<br><br>Defendant. | No. 2:25-cv-01831-JHC<br><br>**DEFENDANT PEACEHEALTH NETWORKS ON DEMAND, LLC D/B/A ZOOMCARE'S MOTION TO DISMISS UNDER RULE 12(B)(6)**<br><br>NOTE ON MOTION CALENDAR:<br>JUNE 17, 2026<br><br>ORAL ARGUMENT REQUESTED |



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 3

III. LAW AND ARGUMENT .......... 5

A. Legal Standard .......... 5

B. Plaintiff Fails to State a Claim for Violation of The Electronic Communications Privacy Act (Count I) .......... 5

1. Plaintiff Fails to Allege Any Unlawful Interception .......... 6

2. Plaintiff Fails to Allege any Plausible Interception of "Contents" .......... 13

IV. CONCLUSION .......... 16




BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# TABLE OF AUTHORITIES


Page(s)

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 5, 9, 15

*B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056 (C.D. Cal. 2024) .......... 8, 12, 15

*Beckington v. Am. Airlines, Inc.*, 926 F.3d 595 (9th Cir. 2019) .......... 5, 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 5

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) .......... 15

*Caine v. Sturdy Mem'l Hosp., Inc.*, No. 25-CV-10261-ADP, 2026 WL 673483 (D. Mass. Mar. 10, 2026) .......... 11

*Castillo v. Costco Wholesale Corp.*, No. 2:23-cv-01548-JHC, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) .......... 12

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019) .......... 5

*Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24- CV-01475-JEH-RLH, 2025 WL 1616635 (C.D. Ill. June 6, 2025) .......... 10

*Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) .......... 11

*Doe v. Talkiatry Mgmt. Servs., LLC*, 5:25-cv-00781-SSS-DTBx, 2026 WL 206483 (C.D. Cal. Jan. 22, 2026) .......... 10

*In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001) .......... 11

*In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922 (N.D. Cal. 2015) .......... 14




BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017), *aff'd in part, rev'd in part, and remanded by* 956 F.3d 589 (9th Cir. 2020)....................5

*In re Facebook Priv. Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ....................13

*In re Google Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3rd Cir. 2015) ....................7, 8, 13

*Goulart v. Cape Cod Healthcare, Inc.*,
No. 25-10445-RGS, 2025 WL 1745732 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025)....................10

*I.T. v. ChoicePoint LLC*,
No. 2:24-cv-01944-LK, 2025 WL 2495079 (W.D. Wash. Aug. 29, 2025)....................12

*Jane Doe v. Lawrence General Hosp.*,
No. 1:25-cv-10081-NMG, 2025 WL 2808055 (D. Mass. Aug. 29, 2025), report and recommendation adopted in part, rejected in part, 2025 WL 2807673 (D. Mass. Sept. 30, 2025) ....................12

*Karen McManus v. Tufts Med. Ctr., Inc.*,
No. 25-cv-10008-ADB, 2025 WL 2778025 (D. Mass. Sept. 29, 2025) ....................10

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ....................10

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) ....................10

*M.G. v. Therapymatch, Inc.*,
No. 23-CV-04422-AMO, 2024 WL 4219992 (N.D. Cal. Sept. 16, 2024) ....................15

*Mikulsky v. Bloomingdale's, LLC*,
No. 3:23-cv-00425-L-VET, 2024 WL 337180 (S.D. Cal. Jan. 25, 2024) ....................14

*Nguyen v. Abbott Laboratories, Inc.*,
No. 24 CV 8289, 2026 WL 579206 (N.D. Ill. Mar. 2, 2026) ....................8

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)....................13, 14

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024)....................6, 7, 11, 13



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-cv-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025)........................ *passim*

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023).......................................................................7, 9

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ...........................................................................................7

*Progin v. UMass Mem'l Health Care, Inc.*,
No. 25-cv-40003-ADB, 2026 WL 632770 (D. Mass. Mar. 6, 2026).....................................11

*Ramirez v. Lasik MD USA, Inc.*,
No. 24-CV-2221-CAB-DDL, 2026 WL 194855 (S.D. Cal. Jan. 26, 2026) ...........................11

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) ...............................................................................14

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018)...........................................................................................13

*Sweat v. Houston Methodist Hosp.*,
No. H-24-775, 2025 WL 2697111 (S.D. Tex. Sept. 22, 2025)..............................................11

*Wilson v. Rater8, LLC*,
No. 20-cv-1515-DMS-LL, 2021 WL 4865930 (S.D. Cal. Oct. 18, 2021)..............................15

*Zarif v. Hwareh.com, Inc.*,
789 F. Supp. 3d 880 (S.D. Cal. 2025)...................................................................................9

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) .....................................................................................13, 14

**Federal Statutes**

18 U.S.C. § 2510(8) .........................................................................................................13

**Federal Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................5



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

## I. INTRODUCTION

Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare ("ZoomCare") respectfully moves this Court for an order dismissing Plaintiff's Amended Class Action Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

This Court previously dismissed Plaintiff Laura Nichols' ("Plaintiff") Electronic Communications Privacy Act ("ECPA") claim, holding that Plaintiff had failed to plead "sufficient facts to allow the Court to draw the reasonable inference that [ZoomCare] intercepted Plaintiff's health-related information for the purpose of committing a criminal or tortious act, where such act is separate from the act of disclosure." Dkt. # 16 at 8:1–4. This Court further explained that Plaintiff failed to plead "any facts to support [her] conclusory statements" that ZoomCare "intended to violate HIPAA and disclosed HIPAA-protected health information to unauthorized third parties…." *Id.* at 8:7–8 (internal quotations and citation omitted).

Just like her original complaint, Plaintiff's Amended Complaint alleges in conclusory fashion that ZoomCare's use of Google Analytics violated the ECPA by allegedly installing a commonly used web-browsing analytics technology called Google Analytics on its public-facing website, https://www.zoomcare.com (the "Website"). Plaintiff's minimally-amended pleading unsurprisingly fails to cure the defects identified by the Court. Because further amendment would be futile, Plaintiff's Amended Complaint should be dismissed without leave to amend.

The Honorable Tana Lin of the Western District of Washington dismissed with prejudice a virtually identical claim for violation of the ECPA against Overlake Hospital Medical Center, after the plaintiff had been given leave to amend that claim. *See Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *12–13 (W.D. Wash. Mar. 4, 2025). The *Nienaber* court dismissed the amended ECPA claim with prejudice, finding that the crime-tort exception did not apply because the "[p]laintiff still fails to plead a tortious or criminal use of the acquired communications, separate from their recording, interception, or transmission." *Id.* at *13. Similarly here, Plaintiff's amended ECPA claim against ZoomCare is still tethered to the alleged



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

transmission of browsing activities on the ZoomCare public Website and not any other independent tortious or criminal act. Thus, the crime-tort exception does not apply and the Court should dismiss Plaintiff's ECPA claim with prejudice, just like the *Nienaber* court did.

Plaintiff's ECPA claim also fails because she has not alleged any "contents" of substantive medical communications with ZoomCare personnel that were "intercepted" by an unauthorized third party within the meaning of the ECPA. Plaintiff still pleads no facts showing that the substance of her alleged communications to anyone at ZoomCare have ever been transmitted to Google. Instead, the Amended Complaint relies almost entirely on abstract allegations about a hypothetical "patient" who visits ZoomCare's website and inputs information that purportedly could be shared or "disclosed" to Google. *See* Am. Compl. ¶¶ 63–71. The complaint similarly attaches "example" screenshots that are not alleged to reflect Plaintiff's own experience. *Id.* ¶ 63. Plaintiff does not allege that any such data transmission occurred with respect to her personally. In her Amended Complaint, Plaintiff merely adds an allegation that she booked two medical appointments on ZoomCare's public Website for "treatment related to her broken hand" and "treatment related to a cold," and merely concludes that ZoomCare "disclosed her PHI – including information related to the specific medical appointments…." to Google. *Id.* ¶¶ 7, 8.[1] Plaintiff pleads no facts showing what actual information, if any, was transmitted to Google as a result of her alleged appointment booking (much less how any such information actually identifies her). Plaintiff otherwise provides no supporting facts for her conclusory assertion that any of her own medical information was intercepted or transmitted to Google. Nor does Plaintiff allege facts showing that Google Analytics was installed inside any secure patient portal or other authenticated

---

[1] It is noteworthy that in Plaintiff's original complaint, she included a footnote stating, "[t]he specific medical appointments scheduled by Plaintiff have been omitted to protect her privacy." Dkt. # 1 at 2, n. 2. Tellingly, Plaintiff removed this footnote in her Amended Complaint and pled the nature of her medical appointments, underscoring that this information is not even sensitive to Plaintiff herself. Indeed, if Plaintiff truly thought this information were in fact Personally Identifiable Health Information ("PHI"), she could have filed her Amended Complaint under seal.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

portion of the ZoomCare Website. At best, Plaintiff merely alleges facts suggesting that her alleged browsing activity on the public Website was transmitted to Google.

For these and other reasons discussed in this Motion, Plaintiff has failed to adequately allege facts sufficient to state her ECPA claim, and consistent with this Court's prior Order as well as the Western District's *Nienaber* decision, ZoomCare respectfully requests that the Court grant the Motion and dismiss the Amended Complaint with prejudice.

## II. STATEMENT OF FACTS

Plaintiff's Amended Complaint fails to cure the core deficiencies identified in the Court's Order. Dkt. # 16. Indeed, there is still not a single well-pled fact throughout the entire Amended Complaint plausibly establishing that the contents of any of her information were transmitted to Google or any other third-party, nor that ZoomCare intercepted Plaintiff's health-related information for the purpose of committing a criminal or tortious act where such act is ***separate*** from the act of disclosure. Notably, Plaintiff still does not allege ZoomCare implemented Google Analytics or any similar technology in any secure patient portal.

Plaintiff adds an allegation that she made two medical appointments on ZoomCare's public Website for "treatment related to her broken hand" and "treatment related to a cold." Am. Compl. ¶ 7. She then adds a conclusory allegation that ZoomCare "disclosed her PHI – including information related to the specific medical appointments…" to Google. *Id.* ¶ 8. Plaintiff still fails to allege what specific information was "disclosed" to Google, much less information that identifies her. Instead, Plaintiff promotes an unsupported hypothesis of what information *could* be "disclosed" to Google. *Id.* ¶¶ 63–71.

Plaintiff also adds a ***conclusory allegation*** that ZoomCare's alleged disclosure to Google was "for targeted advertising purposes in violation of HIPAA." *Id.* ¶ 64. However, Plaintiff still fails to allege ***facts*** establishing ZoomCare intercepted Plaintiff's communications for the purpose of committing a tortious or criminal act that is ***separate*** from the alleged acquisition of the information. Plaintiff does not even state facts supporting the conclusion that ZoomCare conducted



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

any "targeted advertising" at all. Thus, Plaintiff's amended ECPA claim has the same defects that this Court previously identified. Dkt. # 16 at 8.

Plaintiff's allegations in the Amended Complaint otherwise remain the same. Plaintiff alleges that ZoomCare "owns and operates a national network of primary and urgent care medical facilities" (Am. Compl. ¶ 1) that offers various medical services and treatments (*id*. ¶ 13). Plaintiff generally alleges that software implemented on ZoomCare's Website permits certain information to be transmitted from a user's web browser to third parties like Google through Google Analytics. *See e.g., id*. ¶¶ 9–11, 13, 46–49, 51, 62, 66, 67, 95.

Plaintiff again asserts the legal conclusions that ZoomCare "intercepted" or assisted Google with "intercepting" Plaintiff's communications, resulting in disclosure of her "sensitive and confidential communications" and "legally protected PII and PHI" to Google. *See, e.g., id*. ¶¶ 3, 51, 62, 63, 67, 72, 94, 95, 96. However, the facts alleged in the Amended Complaint still do not support these conclusory allegations. Speculating about a hypothetical "patient" who visits the Website, Plaintiff alleges that (1) when "patients" visit the Website and "schedule medical appointments," ZoomCare "immediately intercepts and discloses their interactions to Google" (*id.* ¶ 63), including "its patients' IP addresses," "information about their specific devices and User-IDs to Google" (*id.* ¶ 66), "detailed URLs" (*id.* ¶ 67), and "event data" (*id.* ¶ 69). Plaintiff does not explain how this "information" comprises substantive medical information, *i.e.*, medical history, mental or physical condition, or treatment (it is not). *See generally* Am. Compl. Read in context, it is clear that the term "communications" as used throughout the Amended Complaint refers only to the transmission of electronic data between computing devices relating to browsing the ZoomCare Website, not actual conversations with healthcare providers.

Plaintiff's continued misuse of the word "communications" throughout the Amended Complaint gives the false impression that patient-doctor communications are shared with Google. *See, e.g., id*. ¶¶ 3, 47, 62, 67, 68, 88, 93–99, 101–103. But, as mentioned above, Plaintiff still does



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

not allege any ***facts*** showing that the specific contents of any of her patient-doctor communications have ever been disclosed to Google (they were not). *See generally* Am. Compl.

Plaintiff asserts one cause of action for violation of the ECPA on behalf of herself and a putative class of "all persons in the United States who, during the class period, scheduled a medical appointment on https://www.zoomcare.com." *Id.* ¶ 74.

## III. LAW AND ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).

### B. Plaintiff Fails to State a Claim for Violation of The Electronic Communications Privacy Act (Count I)

A claim under the ECPA "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept[,] or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal quotations omitted), *aff'd in part, rev'd in part, and remanded by* 956 F.3d 589 (9th Cir. 2020). Plaintiff cannot satisfy at least the second and third elements, and the ECPA claim should be dismissed as a matter of law, without leave to amend.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

### *1. Plaintiff Fails to Allege Any Unlawful Interception*[2]

This Court dismissed Plaintiff's prior complaint for the failure to plead "'sufficient facts to support an inference that the offender intercepted the communication ***for the purpose*** of a tortious or criminal act that is ***independent* of** the intentional act of recording or interception itself.'" Dkt. # 16 at 8:14–16 (quoting *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1095 (W.D. Wash. 2024)) (emphasis added).

This Court previously explained:

> Along with analyzing the defendant's purpose, district courts are also instructed to consider whether the plaintiff has pleaded "sufficient facts to support an inference that the offender intercepted the communication for [an unlawful] act that is *independent* of the intentional act of recording or interception itself." *Nienaber*, 733 F. Supp. 3d at 1095 (quoting *B.K. v. Eisenhower Med. Ctr. (B.K. I)*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024)) (emphasis in original). In other words, a plaintiff must plead an unlawful act that is separate and secondary to the acquisition of the information, such as a tortious or criminal use of the intercepted materials, rather than solely pleading a disclosure. *See id*. at 1096.

Dkt. # 16 at 6:1–8 (citing *Nienaber*, 733 F. Supp. 3d at 1096).

The Amended Complaint still suffers from the same fatal defect—that Plaintiff's ECPA claim against ZoomCare is inextricably tied to the alleged transmission of browsing activities on ZoomCare's public Website, not any other independent tortious or criminal act. *See e.g.*, Am. Compl. ¶ 95 (alleging ZoomCare "intercepted" alleged communications "[b]y utilizing and embedding the Google tracking technologies on its Website"). In *Nienaber*, the court dismissed plaintiff's ECPA claim with prejudice, because it found that the plaintiff's amended complaint only alleged "that the technologies installed by Defendant contemporaneously transmit Plaintiff's communications to third parties … [a]nd Plaintiff's own argument demonstrates that the alleged

[2] The Court previously found in dismissing Plaintiff's prior complaint that "it is undisputed that Defendant is a party to the communication." Dkt. # 16 at 8:18–20. Thus, ZoomCare does not brief this issue again. However, to the extent that Plaintiff raises this issue, ZoomCare reserves the right to submit further briefing.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

tortious or criminal use of the acquired communication is the discourse itself." 2025 WL 692097, at *13 (dismissing ECPA claim with prejudice and finding the exception did not apply because plaintiff failed to plead "a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission").

Just like in *Nienaber*, the Plaintiff here does not, and cannot, plead any new facts demonstrating "an unlawful act that is separate and secondary to the acquisition of the information, such as a tortious or criminal use of the intercepted materials, rather than solely pleading a disclosure." Dkt. # 16 at 6:6–8 (citing *Nienaber*, 733 F. Supp. 3d at 1096); *see also In re Google Cookie Placement Consumer Priv. Litig*., 806 F.3d 125, 145 (3d 2015); *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) ("This criminal or tortious purpose must be separate and independent from the act of the recording."); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1120 (S.D. Cal. 2023) ("Here, while Plaintiff alleges that Defendant engaged in the allegedly illegal interception of his and the proposed class members' communications 'in order to create transcripts that could be shared with third parties to analyze to extract key words for marketing an[d] other purposes' … Plaintiff does not allege that this purpose constitutes independently illegal or actionable conduct such that the party exception is inapplicable. Accordingly, the Court finds that the 'criminal or tortious act' exception to the party exception is inapplicable to Plaintiff's FWA [ECPA] claim.").

Plaintiff's amended ECPA claim also fails because, as this Court recognized when dismissing Plaintiff's prior complaint, Plaintiff failed to "specify what HIPAA-protected information was allegedly disclosed, nor whether such information was criminally and tortiously used, accessed, or otherwise implicated after the initial disclosure." Dkt. # 16 at 8:11–13. In the Amended Complaint, Plaintiff merely adds the conclusory allegation that ZoomCare "disclosed to Google that Plaintiff was scheduling medical appointments for her broken hand and a cold for targeted advertising purposes in violation of HIPAA." Am. Compl. ¶ 64. There are no facts in the Amended Complaint describing what information about these medical appointments was



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

"disclosed" to Google or how that alleged disclosure occurred. Furthermore, there are no allegations in the Amended Complaint supporting that the alleged "disclosure" included information identifying the Plaintiff as an individual, which would be necessary to support the legal conclusion that the disclosure violated HIPAA. Because Plaintiff once again fails to "plead any facts to support the[] conclusory statement[]" that any HIPAA protected information was transmitted to Google (Dkt. # 16 at 8:7–8), the crime-tort exception does not apply. *See e.g., In re Google Cookie Placement*, 806 F.3d at 145 ("As the plaintiffs plead no tortious or criminal *use* of the acquired internet histories, § 2511(d) is not inapplicable on the basis of the criminal-tortious purpose exception.") (emphasis in original); *B.K.*, 721 F. Supp. 3d at 1065 (although the plaintiffs alleged the defendant "engaged in the allegedly illegal interception of their . . . information" for commercial advantage, plaintiffs failed to allege that purpose "constitute[d] independently illegal or actionable conduct" and the court concluded the "criminal or tortious act" exception to the party exception did not apply); *Nguyen v. Abbott Laboratories, In*c. No. 24 CV 8289, 2026 WL 579206, at *5 (N.D. Ill. Mar. 2, 2026) (dismissing ECPA claim with prejudice because the screenshots in plaintiff's amended complaint "fails to plausibly allege that Abbott disclosed HIPAA-protected information" and "[t]he mere evidence of tracking tools on Abbott's website does not in itself establish the disclosure of HIPAA-protected information."); *id.* ("The disclosure of HIPAA-protected information must be tied to a specific individual – in other words, be *individually* identifiable.") (emphasis in original).

To the extent Plaintiff's theory is that ZoomCare used Plaintiff's HIPAA-protected information because she allegedly received targeted advertisements, this theory is even more tangential. Am. Compl. ¶ 9 ("After scheduling appointments for medical treatment on the Website, Plaintiff began receiving targeted advertisements for similar products and services."). Plaintiff fails to identify a single advertisement that she allegedly received, provide any dates, or provide even an explanation of how any ads were targeted to her. In fact, Plaintiff admits that she "did not know (and had no way to know) the reason why she was receiving such targeted advertisements until



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

contacting undersigned counsel…." *Id.* There is no plausible basis for Plaintiff's conclusory assertion that the ads resulted from ZoomCare's alleged disclosure of information to Google. *See Beckington*, 926 F.3d 595 at 604 (quoting *Iqbal*, 556 U.S. at 679–80) (speculative and conclusory allegations are insufficient to state a plausible claim for relief).

The hypothetical "example" screenshots in the Amended Complaint underscore the same pleading failure. None are tied to Plaintiff's own use of the Website, and none identify any sensitive information belonging to her. Figure 2 plainly illustrates this. Plaintiff alleges, "[f]or example, when patients schedule medical appointments through its Website, Defendant immediately intercepts and discloses their interactions to Google." Am. Compl. ¶ 63. But Figure 2 says nothing about Plaintiff's own session, and shows only what appears to be appointment selection options. Figure 3 fares no better. It depicts a URL that purportedly includes a treatment selection and appointment request, yet the Amended Complaint offers no basis to infer that this URL reflects Plaintiff's interaction with the Website. Plaintiff instead relies on these figures to conclude that "[t]he same disclosures occurred when Plaintiff scheduled her medical appointments through Defendant's Website." *Id.* ¶ 64. This cannot substitute for ***factual allegations*** identifying what Plaintiff herself entered and how it was allegedly "disclosed." *Beckington*, 926 F.3d 595 at 604.

Regardless, courts routinely find similar "targeted advertising" allegations insufficient to invoke the crime-tort exception under the ECPA. *See Zarif v. Hwareh.com, Inc.*, 789 F. Supp. 3d 880, 896 (S.D. Cal. 2025) (dismissing ECPA claim because allegations that communications were transmitted to third parties "for purposes of targeting advertising to Defendant's California website users" were "insufficient to implicate the crime-tort exception"); *Pena*, 670 F. Supp. 3d at 1119–20 (crime-tort exception did not apply because plaintiff failed to allege defendant's purpose for alleged interception, creating transcripts that could be shared with third parties to analyze to extract key words for marketing, constituted independently illegal or actionable conduct).



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Many other courts within the Ninth Circuit and elsewhere have come to the same conclusion. *See, e.g., Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (where the "purpose of the interception was not to 'perpetuate torts on millions of Internet users, but to make money,'" the crime-tort exception to the party-exception is not satisfied.") (citation omitted); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (dismissing wiretapping claim and collecting cases holding that a defendant's desire to "make money" through use of pixels does not meet the crime-tort exception); *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24- CV-01475-JEH-RLH, 2025 WL 1616635, at *11–12 (C.D. Ill. June 6, 2025) (dismissing ECPA claim where plaintiff failed to allege that defendant's purpose in using third-party technology was to violate the law rather than facilitating advertising and marketing); *Karen McManus v. Tufts Med. Ctr., Inc.*, No. 25-cv-10008-ADB, 2025 WL 2778025, at *3 (D. Mass. Sept. 29, 2025) (dismissing plaintiff's ECPA claim because allegations that the defendant "specifically used tracking technologies to intercept and disclose Plaintiff's and Class Members Private Information for financial gain,…sought to increase revenue from existing patients and gain new patients, … and thus chose to put its business interests over the privacy of its patients,… are [] insufficient to satisfy the crime-tort exception.") (quotations and citation omitted); *Goulart v. Cape Cod Healthcare, Inc.*, No. 25-10445-RGS, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025) (dismissing ECPA claim and finding the crime-tort exception did not apply because plaintiffs' complaint "fails to plausibly allege that [the defendant's] 'primary motivation' or 'determinative factor' in disclosing plaintiffs' personal health information through the software-tracking technology to Facebook and Google was for the purpose of committing a criminal violation or tort, as opposed to commercial gain or convenience."); *Doe v. Talkiatry Mgmt. Servs., LLC*, 5:25-cv-00781-SSS-DTBx, 2026 WL 206483, at *3 (C.D. Cal. Jan. 22, 2026) (finding plaintiff failed to adequately allege the crime tort exception because "nowhere in the SAC do the facts suggest that Defendant intercepted and/or disclosed this information with violations of HIPAA as the 'primary motivation or a determining



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

factor.'") (internal quotations and citation omitted); *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 519 (S.D.N.Y. 2001) (finding defendant's motivations were "licit and commercial," not tortious, and thus, as a matter of law, plaintiffs failed to allege defendant acted with "tortious" purpose); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025) (dismissing ECPA claim and reasoning "[b]y [p]laintiff's own account, the 'trackers' were 'used by the [d]efendant to benefit [the defendant] and its marketing and advertising purposes,'…not f*or the purpose of* knowingly committing a violation of the HIPAA.") (internal citation omitted) (emphasis original); *Sweat v. Houston Methodist Hosp.*, No. H-24-775, 2025 WL 2697111, at *7 (S.D. Tex. Sept. 22, 2025) (granting summary judgment to defendant on the plaintiff's ECPA claim and reasoning "[t]he disclosure of what was not known to be personally identifiable health information, but instead believed to be aggregate data, for a commercial purpose, is not a crime or a tort. It cannot trigger the crime-tort exception, which requires the purpose of committing a criminal or tortious 'act'"); *Progin v. UMass Mem'l Health Care, Inc.*, No. 25-cv-40003-ADB, 2026 WL 632770, at *4 (D. Mass. Mar. 6, 2026) (dismissing ECPA claim and finding "[i]t is not enough to allege that Defendants knowingly committed such acts, because that omits the requirement that the acts be done for criminal and tortious purposes as required by the language of the statute"); *Caine v. Sturdy Mem'l Hosp., Inc.*, No. 25-CV-10261-ADP, 2026 WL 673483, *3–4 (D. Mass. Mar. 10, 2026) (holding same).

Given the above, Plaintiff does not, and cannot, plead "'sufficient facts to support an inference that the offender intercepted the communication ***for the purpose*** of a tortious or criminal act that is ***independent* of** the intentional act of recording or interception itself.'" Dkt. # 16 at 8:14–16 (quoting *Nienaber*, 733 F. Supp. 3d at 1095)) (emphasis added).

While some courts have held that that the crime-tort exception may apply in similar contexts, those decisions do not adequately analyze the element requiring a separate act[3] or, unlike

[3] For example, in *Ramirez v. Lasik MD USA, Inc.*, No. 24-CV-2221-CAB-DDL, 2026 WL 194855, at *3 (S.D. Cal. Jan. 26, 2026) the court did not adequately analyze whether there was a separate act. Unlike here, the defendant merely argued that the crime-tort exception did not apply because



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

here, the plaintiffs in those other cases have pled sufficient *factual* allegations to establish that HIPAA-protected PHI had been "disclosed" to a third party.[4] As the Western District explained:

> Plaintiff argues that other federal courts have found "substantially identical allegations sufficient to trigger the crime-tort exception" and this Court should do the same. Dkt. No. 55 at 23. ***But none of the cases cited by Plaintiff evaluate the distinction between the interception and transmission of data***. *See Kurowski*, 2023 WL 8544084; *In re Grp. Health Plan Litig.*, 709 F. Supp. 3d 707; *Kane v. Univ. of Rochester*, No. C23-6027, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024); *Mekhail v. N. Mem'l Health Care*, 726 F. Supp. 3d 916 (D. Minn. 2024); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 797; *B.K. v. Desert Care Network*, No. C23-5021, 2024 WL 1343305, at *6 (C.D. Cal. Feb. 1, 2024).

*Nienaber*, 2025 WL 692097, at *13 (emphasis added); *see also Jane Doe v. Lawrence General Hosp.*, No. 1:25-cv-10081-NMG, 2025 WL 2808055, at *13 (D. Mass. Aug. 29, 2025), report and recommendation adopted in part, rejected in part, *Jane Doe v. Lawrence General Hosp.*, No. 1:25-cv-10081-NMG, 2025 WL 2807673 (D. Mass. Sept. 30, 2025) (adopted motion to dismiss recommendation and rejected motion to remand recommendation) (dismissing plaintiff's ECPA claim because "[t]he Complaint [] alleges that Plaintiff's communications were 'contemporaneously intercepted, recorded, and transmitted to these third parties.' [] In other words, the interception that provides the basis for the alleged ECPA violation is itself the disclosure that provides the basis for the HIPAA violation. There is no [factual] allegation that the act of disclosure was in any respect separate or independent of the intentional act of deploying the web tracking tools.").

---

any "interception of Plaintiff's medical information was passed on to Facebook through the use of Facebook Tracking Pixel was for commercial purposes and therefore neither criminal nor tortious." *Id.*

[4] *See e.g.*, *Castillov. Costco Wholesale Corp.*, No. 2:23-cv-01548-JHC, 2024 WL 4785136, at *6 (W.D. Wash. Nov. 14, 2024) ("Plaintiffs allege that Costco used and disclosed data including 'patient status; prescription information (including specific drugs and pricing information); immunization information; treatments; patient location; and health insurance coverage' that could be linked to them through their personal Facebook accounts"); *I.T. v. ChoicePoint LLC*, No. 2:24-cv-01944-LK, 2025 WL 2495079, at *3 (W.D. Wash. Aug. 29, 2025) ("the results of Plaintiffs' addiction survey are plausibly PHI when coupled with Plaintiff's requests for appointments."). The Amended Complaint here contains no such facts.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Both the case law and Plaintiff's allegations establish that the crime-tort exception does not apply. Plaintiff therefore cannot establish the second element of her ECPA claim – an unlawful interception of a communication. The claim therefore should be dismissed as a matter of law and with prejudice, as further amendment would be futile. *Nienaber*, 2025 WL 692097, at *12–13; *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275–76 (3d Cir. 2016); *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 142–45; *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011).

***2. Plaintiff Fails to Allege any Plausible Interception of "Contents"***

Plaintiff's ECPA claim further fails because Plaintiff has not pled facts showing that the "contents" of any communications were "disclosed" to Google or any other third party. Under the ECPA, "contents" of a communication are defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). "Content" information "refers to the intended message conveyed by the communication" and is therefore distinct from "record" information, which relates to "the characteristics of the message that is generated in the course of the communication," such as a name, address, or the identity of a subscriber or customer. *See In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106–07 (9th Cir. 2014). Here, the alleged "contents" at issue are still the vague references to Plaintiff's "legally protected PII and PHI" and "protected medical information." *See, e.g.*, Am. Compl. ¶¶ 3, 8, 10, 14, 30, 72. Plaintiff adds a conclusory allegation that ZoomCare "disclosed to Google that Plaintiff was scheduling medical appointments for her broken hand and a cold." *Id.* ¶ 64.

In regard to the threshold question of whether browsing activity on a public website may even constitute "legally protected PII and PHI" or "protected medical information", *i.e.*, the "contents" of a communication, the Western District of Washington made clear when dismissing the plaintiff's complaint, "the disclosure of browsing activity on a publicly available website that does not relate to 'to the past, present or future physical or mental health or condition of an individual' is not actionable." *Nienaber*, 733 F. Supp. 3d at 1084 (internal quotations omitted); *see*


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*also Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) ("the connection between a person's browsing history [on a public hospital website] and his or her own state of health is too tenuous."); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017) (same).

In *Facebook Internet Tracking Litig*., 140 F. Supp. 3d 922, 930–31 (N.D. Cal. 2015), the court held that a URL sent to Meta by a user's browser does not qualify as "contents" of a "communication" under the ECPA because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" *Id.* at 935 (quoting *In re Zynga*, 750 F.3d at 1106–07). The court emphasized that "[p]laintiff may never be able to state [an ECPA] claim, particularly since their arguments on this issue are so unpersuasive." *Id*. at 935–36. By definition, a URL does not convey the "meaning" of the communication with the host server; it simply identifies the location of the requested webpage on the Internet. *Id.*

In *In re Zynga*, the Ninth Circuit explained that even though a URL could disclose that a person viewed the "page of a gay support group," such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d at 1107–8; *In re Nickelodeon*, 827 F.3d at 275 (URL that revealed which specific video a child watched (http://www.nick.com/shows/penguins-of-madacascar) was more akin to telephone number than substantive conversation); *see also Mikulsky v. Bloomingdale's, LLC*, No. 3:23-cv-00425-L-VET, 2024 WL 337180, at *7 (S.D. Cal. Jan. 25, 2024) ("button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation" were "more akin to the 'record' information that the [Zynga court] held not to be contents").

Here, Plaintiff's Amended Complaint still fails to allege any ***facts*** showing that the substance of her alleged communications to anyone at ZoomCare have ever been transmitted to Google. Plaintiff adds the allegation that she made two medical appointments on ZoomCare's public Website for "treatment related to her broken hand" and "treatment related to a cold" and concludes without any ***facts*** that ZoomCare "disclosed her PHI – including information related to



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

the specific medical appointments…" to Google. Am. Compl. ¶¶ 7, 8. What's more, Plaintiff provides no factual allegations regarding the details of what ***specific*** "information related" to the appointments was allegedly "disclosed", nor facts to show any information, let alone personal medical information, was "disclosed" to Google. *Wilson v. Rater8, LLC*, No. 20-cv-1515-DMS-LL, 2021 WL 4865930, at *5 (S.D. Cal. Oct. 18, 2021) (disclosure of name, phone number, treating physician names, treatment appointment information, and discharge dates and times, did not constitute disclosure of "medical information" and "[d]escribing an examination as treatment does not make it so" or "allow the Court to infer that he received medical treatment during that examination. Thus, information about the appointment cannot be said to constitute information regarding treatment."); *M.G. v. Therapymatch, Inc.*, No. 23-CV-04422-AMO, 2024 WL 4219992, at *1, 3 (N.D. Cal. Sept. 16, 2024) (where plaintiff alleged he "provided personal information on the website, including his name, address, cellular phone number, health insurance provider, group identification number, and employer[, and] specified that he was looking for therapy related to two specific, unidentified, mental health conditions" and that "Google intercepted M.G.'s communications with Headway, including the mental health conditions he searched, the treatment he was seeking, provider preferences, and appointment details," court still dismissed CMIA claim because it could not "determine based on these sparse, generalized allegations whether M.G. shared (and thereafter Headway disclosed)" his substantive medical information).

Plaintiff's threadbare conclusions that patients' "sensitive and confidential communications," "private and confidential information," and "confidential PHI" are transmitted to Google (*see, e.g.*, Am. Compl. ¶¶ 3, 87, 88, 95–96, 10, 103), are bereft of alleged facts and therefore insufficient as a matter of law. *See, e.g., Iqbal*, 556 U.S. at 678 (mere conclusions are insufficient); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011) (rejecting allegations that the defendant "regularly and unlawfully shared highly confidential information" related to customers as conclusory in nature); *B.K.*, 721 F. Supp. 3d at 1064 (dismissing claim for failure "to allege what, if any, medical information or medical records were transmitted or



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

disclosed" and that the plaintiffs' "vague allegations about [them] and their experiences with [the defendant]" and the complaint's "conjectures and hypothetical scenarios and patients" did not allege with "any specificity as to what medical information was allegedly disclosed or when it was disclosed.").

## IV. CONCLUSION

Because amendment would be futile, ZoomCare respectfully asks the Court to grant its motion to dismiss Plaintiff's Amended Complaint *with prejudice*.

Dated Friday, April 24, 2026.

**BAKER & HOSTETLER LLP**

By *s/ Alexander Vitruk*

Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Tel: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare*

*I certify that this document contains 5,434 words, in compliance with the Local Civil Rules.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026 a true and correct copy of the foregoing document was served via USDC Western Washington CM/ECF Notice and/or E-Mail upon the following:

Wright A. Noel
**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, WA 98027
Tel: (425) 837-4717
E-mail: wright@carsonnoel.com

Alec M. Leslie, *admitted pro hac vice*
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Email: aleslie@bursor.com

Stephen A. Beck, *admitted pro hac vice*
**BURSOR & FISHER, P.A.**
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Tel: 305-330-5512
Email: sbeck@bursor.com

*Attorneys for Plaintiff and the Putative Class*

*s/ Cheryl A. Phillips*
Cheryl Phillips, Legal Assistant