HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEACEHEALTH NETWORKS ON DEMAND, LLC, d/b/a ZOOMCARE, a Washington limited liability company,<br><br>Defendant. | No. 2:25-cv-01831-JHC<br><br>**DEFENDANT PEACEHEALTH NETWORKS ON DEMAND, LLC D/B/A ZOOMCARE'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(6)**<br><br>NOTE ON MOTION CALENDAR: JUNE 17, 2026<br><br>ORAL ARGUMENT REQUESTED |



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

# I. INTRODUCTION

Plaintiff Laura Nichols' ("Plaintiff") Opposition to Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare ("ZoomCare") Motion to Dismiss ("Motion") Plaintiff's First Amended Class Action Complaint ("FAC") underscores Plaintiff's failure to cure the deficiencies that this Court previously identified in its Order dismissing Plaintiff's prior Complaint. *See* Dkt # 16.

Specifically, Plaintiff again has failed to plead "sufficient facts to allow the Court to draw the reasonable inference that [ZoomCare] intercepted Plaintiff's health-related information for the purpose of committing a criminal or tortious act, where such act is separate from the act of disclosure." *Id.* at 8:1–4. Additionally, Plaintiff failed to plead "any facts to support [her] . . . conclusory statements" that ZoomCare "intended to violate HIPAA and disclosed HIPAA-protected health information to unauthorized third parties . . . ." *Id.* at 8:6–8 (citation modified).

Plaintiff's FAC alleges that ZoomCare engaged in nothing more than the ubiquitous practice of using a third-party analytics technology on its ***public*** website. Plaintiff's claims continue to rest upon allegations that she used ZoomCare's public website, www.zoomcare.com ("Website") (FAC ¶ 7), that she thereafter "began receiving targeted advertisements for similar products and services" (*id.* ¶ 9), and on allegations about a hypothetical website visitor's browsing activity being transmitted to Google.

There are no facts in the FAC supporting the conclusion that Plaintiff's protected health information ("PHI") was transmitted to Google. Indeed, *Plaintiff does not even allege she was a patient of ZoomCare*. And, there are no pled facts tying the Plaintiff's own experience to her allegations about what *may* happen when a hypothetical user visits that ***public*** Website. *Id.* ¶¶ 63–71.

Plaintiff has admittedly not alleged that Google Analytics ("GA") was implemented on any secure patient portal as distinguished from ZoomCare's public Website. *See generally* FAC. As the court in *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954 (N.D. Cal. 2017) correctly



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

determined, "[i]nformation available on publicly accessible websites stands in stark contrast to the personally identifiable patient records and medical histories protected by these statutes."

For these and other reasons in ZoomCare's Motion and in this Reply, Plaintiff's sole claim under the Electronic Communications Privacy Act ("ECPA") must be dismissed *with prejudice*.

## II. THE ECPA CLAIM MUST BE DISMISSED

### *1. Plaintiff Still Fails to Allege Any Unlawful Interception*

Plaintiff argues her ECPA claim should survive through an *exception* to the ECPA's one-party consent rule — *the crime or tortious act exception*. Plaintiff's argument misconstrues the crime or tortious act exception, which applies only if the plaintiff pleads a "tortious or criminal *use* of the acquired internet histories" ***separate and apart from*** the alleged recording or interception itself.

This Court previously recognized when dismissing Plaintiff's prior Complaint that "a plaintiff must plead an unlawful act that is separate and secondary to the acquisition of the information, such as a tortious or criminal use of the intercepted materials, rather than solely pleading a disclosure." Dkt. # 16 at 6:6–8 (citing *Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1096 (W.D. Wash. 2024)); *see also Sisti v. Bosley Inc. et al.*, No. 2:25-cv-10669-JFW-DFMx, 2026 WL 1223927, at *7 (C.D. Cal. Apr. 27, 2026) (a plaintiff cannot satisfy the crime-tort exception by alleging that the interception was undertaken for a "tortious purpose" where the only alleged tort is the interception itself); *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 145 (3d Cir. 2015); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023); *see also Nienaber*, 733 F. Supp. 3d at 1096 ("[T]he tortious or criminal act exception does not apply here." (citation modified) (citation omitted)); *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) (dismissing ECPA claim for failing to plead facts showing defendant healthcare provider's "purpose constitutes independently illegal or actionable conduct such that the party exception is inapplicable").

In fact, a case cited by Plaintiff confirms just this. *Rusow v. Skinspirit Essential LLC*, No.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

24-cv-09317-CRB, 2025 WL 4657637 (N.D. Cal. Oct. 15, 2025). The court in *Rusow* concluded that "Plaintiffs' arguments plainly fail because the alleged tortious or criminal activities are not independent from the intentional act of intercepting; they are the interception itself. . . . For the crime-tort exception to apply, Plaintiffs must allege that SkinSpirit had an independent criminal or tortious purpose at the time the interceptions were made." *Id.* at *15 (citation modified) (dismissing plaintiff's ECPA claim *with prejudice*).

Plaintiff's FAC again confirms that the only criminal or tortious intent alleged here relates to the wiretapping itself.[1] *See e.g.*, FAC ¶ 95 (alleging ZoomCare "intercepted" alleged communications "[b]y utilizing and embedding the Google tracking technologies on its Website").

The Court should follow its own prior Order, as well as the directly on-point decisions *Nienaber* and *B.K.*, both of which refused to apply the crime-tort exception to a health care provider where the facts allegedly supporting the exception were the same as the facts pled in support of the alleged wiretap. *Nienaber*, 733 F. Supp. 3d at 1095 ("[A] plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording or interception itself." (citation modified) (citation omitted)); *B.K.*, 721 F. Supp. 3d at 1065 (same); *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *12–13 (W.D. Wash. Mar. 4, 2025) (dismissing ECPA claim *with prejudice*); *Pena*, 670 F. Supp. 3d at 1117–18 (same ruling). ZoomCare is identically situated.

The decisions on which Plaintiff relies to argue that she has alleged facts sufficient to trigger the exception did not adequately analyze the requirement that the tort or crime must be

[1] Plaintiff relies on *Sussman v. Am. Broad. Co., Inc.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999) to advance her theory that "Defendant's conduct falls squarely within the crime-tort exception because it intercepted and disclosed HIPAA-protected health information to unauthorized third parties, including Google, through its use of Google Analytics." Opp. at 3. However, under analogous facts, the *Sussman* court dismissed the ECPA claim because, just like in the present circumstances, there was no tortious or criminal intent separate from the alleged recording, interception, or transmission.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

separate from the act of wiretapping. Opp. at 3–5. *See I.T. v. ChoicePoint LLC*, No. C25-00193, 2025 WL 2495079, at *8 (W.D. Wash. Aug. 29, 2025) (holding "[p]laintiffs sufficiently allege that ChoicePoint's intent to disclose their information in violation of HIPAA is a separate act from the interception of their data."); *Smart v. Main Line Health*, No. 22-5239, 2026 WL 1008171, at *2–3 (E.D. Pa. Apr. 14, 2026) (inexplicitly analogizing an interception to a basketball player and finding "Smart has alleged an independent use of the intercepted communication, which meets the Third Circuit standard of a distinct "tortious or criminal use." (citation modified) (citation omitted)). As the court in *Nienaber* explained, "none of the cases cited by [p]laintiff evaluate the distinction between the interception and transmission of data." 2025 WL 692097, at *13 (discussing cases). Plaintiff's cited cases do not evaluate this distinction either.

Plaintiff also cites *R.S. Prime Healthcare Services, Inc.*, No. 5:24-CV-00330-ODW (SPx), 2025 WL 103488 (C.D. Cal. Jan. 13, 2025), but as one court explained, "th[i]s decision[s] seem[s] to ignore the fact that, although two statutes are involved (ECPA, for the interception, and HIPAA, for the disclosure), there is only one act: Deploying a web tracking tool that simultaneously provides analytic information to the website operator and shares data with Google or Meta." *Doe v. Lawrence General Hosp.*, No. 25-CV-10081-NMG, 2025 WL 2808055, at *13 (D. Mass. Aug. 29, 2025), report and recommendation adopted in part, rejected in part, No. CV 25-10081-NMG, 2025 WL 2807673 (D. Mass. Sept. 30, 2025). The other cases Plaintiff relies on fail for this same reason. *See Doe v. Baystate Heath System, Inc.*, No. 1:25-cv-10337-JEK, 2026 WL 776861, at *5 (D. Mass. Mar. 19, 2026);[2] *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 827–29, 49 (E.D. Cal. 2025); *McClain v. Capital Vision Servs., LLC*, No. 25 CV 7675, 2026 WL 710926, at *4 (N.D. Ill. Mar. 13, 2026); *B.N. v. Oregon Reproductive Medicine, LLC*, No. 3:25-cv-00202-IM, 2026 WL 915343, at *2–5 (D. Or. Apr. 3, 2026); *Vriezen v. Infinite Health Collaborative, P.A.*, No. 24-CV-3743 (NEB/DJF), 2025 WL 2992204, at *1 (D. Minn. Sept. 30, 2025).

[2] *Baystate* is also inapposite because unlike here, the court there focused on the disclosures in the defendant's privacy policy. *Id.* at *4.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

In a last ditch effort to show a separate act, Plaintiff asks the Court to infer that she received advertisements. Opp. at 9. Tellingly, Plaintiff does not dispute, and thus admits, that her allegations rely on hypothetical screenshots of an unknown user and that Plaintiff herself does not allege to have received targeted advertisements. *Id*. In order to state a claim, Plaintiff has to plausibly allege *facts* to support her own allegations. *Beckington v. Am. Airlines, Inc*., 926 F.3d 595, 604 (9th Cir. 2019) (To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" (citation omitted)); *see also* Dkt. # 16 at 8:8–11 ("the Complaint repeatedly states that the information was intercepted for 'targeted advertising purposes' and that the disclosure itself was unlawful, but it never states that Defendant disclosed Plaintiff's PHI for an unlawful purpose.").

The cases on which Plaintiff' relies are easily distinguishable because the courts were able to infer a disclosure when the plaintiffs alleged specific details of information disclosed to third parties. *See e.g.*, *B.N.*, 2026 WL 915343, at *2–5 (plaintiff alleged disclosure of her full name, email address, phone number, date of birth, and other identifying information, along with activity tied to a specific IVF consultation); *Garcia v. Truist Financial Corp*., No. 2:25-cv-05753-MEMF-PVC, 2026 WL 972328, at *5 (C.D. Cal. Mar. 25, 2026) (plaintiff alleged specific factual allegations of information he provided to the defendant "related to his citizenship, housing status, and employment information" and also "describe[d] how that information [wa]s shared by [the defendant] to LinkedIn and what sensitive information related to his citizenship, housing, and employment statuses can be shared." (citation modified)); *Frasco v. Flo Health, Inc.*, 349 F.R.D. 557, 568 (N.D. Cal. 2025) ("Flo App surreptitiously transmitted users' highly personal information about menstruation, ovulation, pregnancy goals, and the like to Google and Meta through their . . . (SDKs), despite assurances to the contrary by Flo.").[3]

The "example" screenshots in the FAC (FAC ¶ 63) are not alleged to represent

[3] *Hassid v. Alex & Ani, LLC*, 816 F. Supp. 3d 1196, 1200–01 (C.D. Cal. 2026) did not even involve an ECPA claim, let alone allegations of the disclosure of HIPAA-protected PHI.


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

advertisements that Plaintiff herself received or saw, but seem to reflect a hypothetical user's browsing sessions, and thus offer no basis for the Court to infer they reflect her interactions with the Website. *See Nguyen v. Abbott Laboratories, Inc.*, No. 24 CV 8289, 2026 WL 579206, at *5 (N.D. Ill. Mar. 2, 2026) (dismissing ECPA claim with prejudice because the screenshots in plaintiff's amended complaint "fail[] to plausibly allege that Abbott disclosed HIPAA-protected information" and "[t]he mere existence of tracking tools on Abbott's website does not in itself establish the disclosure of HIPAA-protected information.").

Plaintiff argues receipt of targeted advertisements "is not related to the validity of [her] ECPA claim" and "only become[s] noteworthy in analyzing the traceability element of Article III standing and in deciding whether the delayed discovery rule applies to the toll statute of limitations . . . . " Opp. at 9:25–10:1–3. The problem with this argument is that Plaintiff has argued that the disclosure of her information based on the alleged receipt of targeted advertisements is the separate act that triggers the crime-tort exception. Thus, absent an allegation that she actually received a targeted advertisement, Plaintiff alleges no other facts to show a separate and independent criminal or tortious act to support her allegations that ZoomCare disclosed her PHI to third parties. Accordingly, the crime-tort exception does not apply and Plaintiff's ECPA claim must be dismissed *with prejudice*.

Even if the Court were to apply the reasoning of some of the above decisions (*supra* at 4–6) without evaluating the need for a separate act, those cases are distinguishable. Indeed, Plaintiff's FAC and Opposition confirm she again fails to "plead any facts to support the[] conclusory statement[]" that any HIPAA-protected information was transmitted to Google (Dkt. # 16 at 8:7–8), and thus, the crime-tort exception does not apply. *See* Mot. at 8 (citing cases). Plaintiff alleges conclusory allegations that ZoomCare "disclosed to Google that Plaintiff was scheduling medical appointments for her broken hand and a cold for targeted advertising purposes in violation of HIPAA." FAC ¶ 64. There are no facts in the FAC describing what information about these medical appointments was "disclosed" to Google or how that alleged disclosure occurred.


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Furthermore, there are no allegations in the FAC supporting that the alleged "disclosure" included information identifying the Plaintiff as an individual, which would be necessary to support the disclosure violated HIPAA.

Instead, Plaintiff cites to cases in which, unlike here, the plaintiffs alleged sufficient facts that their *own* HIPAA-protected PHI has been disclosed to a third party. *See e.g.*, *Doe*, 789 F. Supp. 3d at 827–29 (plaintiffs each alleged to be a patient, alleged the disclosure of information "related to her lung health and gastrointestinal issues," "foot ulcer issues," "the specific medical conditions (pregnancy and childbirth) she was seeking treatment for," and "entered information related to her pregnancies.") (citation modified); *McClain*, 2026 WL 710926, at *1 (alleging allegations of disclosure of "sensitive details about her and the Class's confidential eye exams . . . such as their patient status and whether they use . . . glasses or contacts . . ." (citation modified)); *B.N.*, 2026 WL 915343, at *2–5 (plaintiff alleges she was a patient and alleged the disclosure of her full name, email address, phone number, date of birth, and other identifying information, along with activity tied to a specific IVF consultation); *Vriezen*, 2025 WL 2992204, at *1 (plaintiffs allege to be patients and included allegations that they searched for information "related to their medical conditions and treatment options"); *Castillo v. Costco Wholesale Corp.*, No. 2:23-cv-01548-JHC, 2024 WL 4785136, at *6 (W.D. Wash. Nov. 14, 2024) ("Plaintiffs allege that Costco used and disclosed data including 'patient status; prescription information (including specific drugs and pricing information); immunization information; treatments; patient location; and health insurance coverage' that could be linked to them through their personal Facebook accounts."); *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 973 (S.D. Cal. 2023) (Plaintiff's complaint alleged "their particular medical conditions and alleged that they searched Defendant's website for doctors who specialize in these conditions and for information about their conditions."); *R.S.*, 2025 WL 103488, at *5 (plaintiff alleged the disclosure of "her medical conditions, treatment details,



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

appointment information, and the physician she selected").[4] Unlike in those cases, Plaintiff here has not alleged facts sufficient to establish that any of her own HIPAA-protected PHI has been disclosed to a third party.

Plaintiff argues that she alleged the disclosure of HIPAA-protected PHI because "[t]he use of unique User-IDs, . . . *does* identify Plaintiff in her capacity as a patient," but this argument fares no better. Opp. at 8:5–14. Plaintiff points to *Gaige v. Exer Holding Co., LLC*, No. 2:24-cv-06099-AH-(AJRx), 2025 WL 559719 (C.D. Cal. Jan. 30, 2025). Contrary to Plaintiff's characterization of *Gaige*, the court found the plaintiff adequately alleged the disclosure of PII when he alleged the disclosure of his "Facebook ID ***along with*** his health information." *Id*. at *4 (emphasis added) (citing complaint). *See also Nienaber*, 2025 WL 692097, at *4 (plaintiff alleged more than just her Facebook ID being disclosed – "Plaintiff alleges that she used Defendant's website to research specific medical conditions and symptoms, identify treatment options, pay bills, research particular doctors and specialists, and log in to Defendant's private patient portal . . . ."). Unlike here, Plaintiff has not plausibly alleged any health information has been disclosed, let alone that she was a patient of ZoomCare.[5]

In an attempt to manufacture any type of theory to support the crime tort exception, Plaintiff for the first time argues that the facts in the FAC support an invasion of privacy claim. Opp. at 5–7. Plaintiff admits that she did not allege an invasion of privacy claim in her FAC, but nonetheless, argues in her Opposition that the crime-tort exception applies based on an alleged invasion of her privacy. *Id*. at 5, n.1. The Court should disregard the argument that an unpled invasion of privacy claim is somehow viable here. *See, e.g.*, *Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 765 (N.D. Cal. 2022) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint . . . ." (citation omitted)); *see also Schneider v. California Dep't of Corr.*, 151

[4] *Camm v. Reach Fin., LLC*, No. 25 Civ 1921 (KPF), 2026 WL 861670, at *5 (S.D.N.Y. Mar. 30, 2026) did not analyze whether any HIPAA-protected PHI had been disclosed.

[5] *Gaige* is also distinguishable because unlike here, the plaintiff alleged she was a patient of defendant. 2025 WL 559719, at *1.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

F.3d 1194, 1197 (9th Cir. 1998).

Tellingly, in all of the cases that Plaintiff cites in support of this argument, the plaintiffs affirmatively alleged in their complaints a cause of action for a violation of a common law or statutory invasion of privacy claim—unlike here. *See e.g.*, *Rusow*, 2025 WL 4657637, at *7–14; *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 895 (C.D. Cal. 2024); *Kryzyek v. OpenX Tech., Inc.*, 817 F. Supp. 3d 857, 864–65, 69 (N.D. Cal. 2026); *Garcia*, 2026 WL 972328, *12; *Allison v. PHH Mortgage*, No. 25-cv-05323-RFL, 2026 WL 1353827, at *10 (N.D. Cal. May 14, 2026); *Gilligan v. Experian Data Corp.*, No. 25-cv-02873-RFL, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026); *Semien v. PubMatic Inc.*, No. 25-cv-03164-SI, 2026 WL 216333, at *6–7 (N.D. Cal. Jan. 27, 2026); *K.L. v. Legacy Health*, No. 3:23-cv-1886-SI, 2024 WL 4794657, at *7 (D. Or. Nov. 14, 2024); *Smith v. Rack Room Shoes, Inc.*, No. 24-cv-06709-RFL, 2025 WL 2210002, at *2 (N.D. Cal. Aug. 4, 2025).

Regardless, Plaintiff does not allege an invasion of privacy claim because as explained *supra* at 7–8, Plaintiff fails to plead *facts* showing the disclosure of any HIPAA-protected information.

Setting aside the reality that Plaintiff has not alleged a separate criminal or tortious act, Plaintiff's argument for application of the crime-tort exception fails because she has not alleged facts to support the requisite level of intent. The Opposition does not acknowledge, let alone substantively address, the instructive authorities discussed by ZoomCare in its Motion. *See* Mot. at 10–11; *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023); *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24-cv-01475-JEH-RLH, 2025 WL 1616635, at *11–12 (C.D. Ill. June 6, 2025); *McManus v. Tufts Med. Ctr., Inc.*, No. 25-cv-10008-ADB, 2025 WL 2778025, at *3 (D. Mass. Sept. 29, 2025) (citation modified); *Goulart v. Cape Code Healthcare, Inc.*, No. 25-10445-RGS, 2025 WL 1745732, at *3 (D. Mass. June 24, 2025) appeal docketed, No. 25-1672 (1st Cir. July 23, 2025); *Doe v. Talkiatry Mgmt. Servs., LLC*, 816 F. Supp. 1206, 1210 (C.D. Cal. 2026); *In re DoubleClick*



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

*Inc. Priv. Litig.*, 154 F. Supp. 2d 497, 519 (S.D.N.Y. 2001); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *9 (C.D. Ill. Mar. 18, 2025); *Sweat v. Houston Methodist Hosp.*, No. H-24-775, 2025 WL 2697111, at *7 (S.D. Tex. Sept. 22, 2025); *Progin v. UMass Mem'l Health Care, Inc.*, No. 25-cv-40003-ADB, 2026 WL 632770, at *4 (D. Mass. Mar. 6, 2026); *Caine v. Sturdy Mem'l Hosp., Inc.*, No. 25-cv-10261-ADP, 2026 WL 673483, *3–4 (D. Mass. Mar. 10, 2026).

Plaintiff otherwise cites to inapposite case law in which courts failed to analyze whether there was a separate act,[6] where the plaintiffs pled sufficient factual allegations to establish that HIPAA-protected PHI had been disclosed to a third party,[7] or where the plaintiffs alleged a separate act based on the defendant's actions being in contradiction of its own privacy policy.[8, 9] None of those circumstances are present here.

This Court should follow the well-reasoned decisions of the courts that have concluded that the crime-tort exception does not apply where the purpose of the alleged interception "was to use the information collected for market research and consumer analysis . . . ." *Doe v. Kaiser Foundation Health Plan, Inc.*, No. 23-cv-02865-EMC, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024). The tortious or criminal act exception to the ECPA does not apply here and the ECPA claim should be dismissed.

---

[6] *Ramirez v. LasikMD USA, Inc.*, No. 24-cv-2221-CAB-DDL, 2026 WL 194855, at *3 (S.D. Cal. Jan. 26, 2026).

[7] *Castillo*, 2024 WL 4785136, at *6; *Semien*, 2026 WL 216333, at *10 (finding crime-tort exception applies because plaintiff stated a claim for invasion of privacy). *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1083, 1090–91 (N.D. Cal. 2025) is inapposite as the plaintiff did not allege any medical information was disclosed, unlike here, and also, the case was against data brokers, who compiled plaintiff's data, created identity profiles, and then sold the data to third parties. Plaintiff's reliance on *Semien*, 2026 WL 216333, fails for this additional reason.

[8] *Smith*, 2025 WL 2210002, at *4 (finding an independent purpose when defendant's actions were in contradiction of its own privacy policy).

[9] In *R.S. v. Prime Healthcare Servs.*, the court misconstrued the importance of a primarily financial purpose and pointed to the example of blackmail to support its conclusion that financial motives cannot immunize an intercepting defendant, noting that blackmail typically involves a financial motive. 2025 WL 103488, at *7. In that example, however, it is the defendant's purpose to commit the separate crime of blackmail that supplies the necessary intent, which is lacking here.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

***2. Plaintiff Fails to Allege Any Plausible Interception of "Contents"***

Plaintiff's Opposition underscores that no "contents" of any alleged communications are at issue here.

The Ninth Circuit explained in *In re Zynga Privacy Litig.* that even though a URL could disclose that a person viewed the "page of a gay support group," such URLs "function[] like an 'address,'" not "contents" of a communication. 750 F.3d 1098, 1107 (9th Cir. 2014). Here too, the alleged disclosure of a public Website user (non-patient) browsing ZoomCare's Website and/or clicking a button to schedule an appointment, does not reveal "contents" of any protected medical information, but rather the "address" of a URL. *Id*. at 1106–07 ( "[T]he term 'contents' refers to the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication."); *see also Facebook Internet Tracking Litig*., 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015) (a URL sent to Facebook by a user's browser does not qualify as "contents" of a "communication" because it is nothing more than "record information regarding the characteristics of the message that is generated in the course of the communication.'" (citation omitted)).

Plaintiff cites to *Castillo*, 2024 WL 4785136, *B.N.*, 2026 WL 915343, and *Doe*, 789 F. Supp. 3d 814, but those cases underscore the fundamental flaw in Plaintiff's lawsuit: the plaintiffs in *Castillo*, *B.N.*, and *Doe* alleged specific allegations regarding what they searched, including "information about patient status, prescriptions, underlying health conditions, and other Sensitive Information." *Castillo*, 2024 WL 4785136, at *4; *B.N.*, 2026 WL 915343, at *2–5 (alleging disclosure of her full name, email address, phone number, date of birth, and other identifying information, along with activity tied to an IVF consultation); *Doe*, 789 F. Supp. 3d at 827–29 (alleging the disclosure of information "related to her lung health and gastrointestinal issues," "foot ulcer issues," "the specific medical conditions (pregnancy and childbirth) she was seeking treatment for," and "information related to her pregnancies." (citation modified)). No such allegations exist here.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiff has no meaningful answer to *Nienaber v. Overlake Hosp. Med. Center*, which relied on *Smith I* and held that "the [public] URL, [do not relate] 'to the past, present, or future physical or mental health or condition of an individual.'" Like the plaintiff in *Nienaber*, Plaintiff here has pled "nothing but browsing activity on a public website." 733 F. Supp. 3d at 1082. Plaintiff has not otherwise pled facts showing that her alleged interactions "plausibly relate to the provision of healthcare," as Plaintiff is not an alleged patient, let alone facts "connect[ing] a particular [public website] user to a particular health care provider." *Id*.

Plaintiff also relies on *R.C. v. Walgreen Co*., but *Walgreen* is inapposite because its "allegations differ[ed] in kind and severity" than cases such as this one. 733 F. Supp. 3d at 893. In *Walgreen*, the "disclosure of [plaintiffs'] private information to Meta via the Pixel included the purchasing of sensitive healthcare products (Monistat and a diabetes test kit) related to specific health conditions (yeast infection and diabetes)." *Id*. No such allegations are present here.

Plaintiff argues that she "clearly alleges Google intercepted the content [of] her communications, rather than mere record information" (Opp. at 12:1–2) and points to paragraphs 51, 67 of the FAC (*id*. at 12:2–3). But, Plaintiff merely alleges in paragraphs 51 and 67 of the FAC conclusory allegations regarding how Plaintiff thinks ZoomCare's Website works and fails to allege anything about ***Plaintiff's*** interactions with ZoomCare's Website. *See e.g*., FAC ¶ 51 ("Google received at least 'Custom Events' and URLs that disclosed the medical appointments scheduled by Defendant's patients. Google also received additional PII, including the patients' IP address, device information, and User-IDs."); *id.* ¶ 67 ("Plaintiff's communications with Defendant were disclosed . . . via detailed URLs, which contain the medically sensitive information and personally identifiable information entered into the Website.").

Unlike the plaintiffs in *Castillo*, *B.N.*, and *Doe*, Plaintiff here does not allege *what* she searched for, or even expressly allege that she is a patient of ZoomCare. An individual may schedule an appointment, but scheduling an appointment does not mean the person is a patient of ZoomCare nor that they even completed the appointment.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

At best, the information allegedly collected and disclosed is the same type of "extrinsic information used to route a communication" that courts have repeatedly concluded does not constitute "contents" under wiretap statutes. *Google Cookie Placement*, 806 F.3d at 135. Plaintiff merely *concludes* in her FAC that her "sensitive and confidential communications," "private and confidential information," and "confidential PHI" are transmitted to Google. FAC ¶¶ 3, 87, 88, 95–96, 100, 105. And in her Opposition, Plaintiff restates how she *used* the Website, not what substantive contents of her actual communications were intercepted or how the contents of her own communications were sent to Google or in what format.

Accordingly, the ECPA claim should be dismissed for this separate reason.

## III. <u>CONCLUSION</u>

ZoomCare respectfully asks the Court to grant its motion to dismiss Plaintiff's FAC with prejudice.



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Dated Wednesday, June 17, 2026.

**BAKER & HOSTETLER LLP**

By *s/ Alexander Vitruk*

Paul G. Karlsgodt, WSBA #40311
Alexander Vitruk, WSBA #57337
Logan F. Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Tel: (206) 332-1380
E-mails: pkarlsgodt@bakerlaw.com
avitruk@bakerlaw.com
lpeppin@bakerlaw.com

*Attorneys for Defendant PeaceHealth Networks on Demand, LLC d/b/a ZoomCare*

*I certify that this document contains 4,161 words, in compliance with the Local Civil Rules.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026 a true and correct copy of the foregoing document was served via USDC Western Washington CM/ECF Notice and/or E-Mail upon the following:

Wright A. Noel
**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, WA 98027
Tel: (425) 837-4717
E-mail: wright@carsonnoel.com

Alec M. Leslie, *pro hac vice forthcoming*
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Email: aleslie@bursor.com

*Attorneys for Plaintiff and the Putative Class*

*s/Jessica Runner*
Jessica Runner, Legal Assistant